The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## WISE v. STATE.
### No. 14975.

Court of Criminal Appeals of Texas.
Dec. 23, 1931.

B. F. Reynolds and Jeff A. Fowler, both of Throckmorton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is disposing of mortgaged property; penalty assessed at confinement in the penitentiary for two years.

The statement of facts is quite voluminous, containing many pages of typewritten matter. The accused had no attorney. There is much in the statement of facts that is entirely irrelevant, and to even give a summary of it would be impracticable and is not deemed necessary. It was shown that the appellant, in April, 1929, acquired a secondhand automobile from the Roberts Motor Company located at Moran, Tex., in part payment for which the appellant gave a mortgage for $299.30. The debt was not paid in full. After considerable efforts the automobile was located at Houston, Tex., in March, 1931. It was in the possession of a man named S. Moore, who claims to have bought it from a man by the name of Hudson. The appellant introduced a number of witnesses who testified that he became an invalid and had been confined in a hospital for the greater part of the time and that while he was sick and disabled he delivered the car to Hudson, together with some expense money. Hudson agreed to take the automobile back to the persons from whom the appellant had bought it, as he was unable to pay for the car. There was evidence that Hudson, instead of complying with his promise with reference to the automobile, sold it to Moore. According to some of the evidence, Hudson used the automobile in committing a robbery and was sent to the penitentiary. The appellant was indicted in March, 1931. There is found no specific testimony showing that the appellant knew that Hudson had not delivered the car to the mortgagees.

The state relied for a conviction upon circumstantial evidence, and the jury was so instructed. The defensive theory of the appellant was submitted to the jury in the charge of the court. This court, however, is of the opinion that the evidence of the fraudulent disposition of the property by the appellant is not conclusive to a degree that it would warrant his conviction.

For the reason stated, the judgment is reversed and the cause remanded.

## REECE v. STATE.
### No. 14979.

Court of Criminal Appeals of Texas.
Dec. 9, 1931.

J. L. Manry, of Livingston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

The record is before us without a state-

694

ment of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.